### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| TITUS REID, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : |
| GENERAL MILLS OPERATIONS, LLC, | : |
| | : |
| Defendant. | : |

## COMPLAINT

Plaintiff is a putative class member and unnamed plaintiff in separate class action litigation pending in this Court, Case No. 1:24-cv-02409-MLB-JKK. To preserve all rights related to his race discrimination claims, Plaintiff files this Complaint.

## JURISDICTION AND VENUE

1.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343(4), which confers original jurisdiction upon this Court in a civil action to recover damages or to secure equitable or other relief under any Act of Congress providing for the protections of civil rights, and pursuant to 28 U.S.C. § 1331, which confers original

jurisdiction upon this Court in a civil action arising under the Constitution or laws of the United States.

2.

Plaintiff asserts claims under Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 *et seq.* ("§ 1981"), and Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e *et seq.* ("Title VII").

3.

Pursuant to 28 U.S.C. § 1391(b), § 1391(c), and N.D. Ga. L.R. 3.1, the Atlanta Division of this Court is the proper venue for Plaintiff's claims because Defendant is subject to this Court's personal jurisdiction, 28 U.S.C. § 1391(c)(2), and a substantial part of the events or omissions giving rise to the claim occurred within the Atlanta Division of this Court. *See also* N.D. Ga. L.R. 3.1(B)(1)(a) and 3.1(B)(3).

## PARTIES

4.

Plaintiff is a Black male and current employee of Defendant who works at General Mills' manufacturing facility in Covington, Georgia.

5.

Plaintiff is a citizen of the United States and resident of the State of Georgia; he submits himself to the jurisdiction of this Court.

6.

General Mills Operations, LLC ("Defendant" or "General Mills"), is a Delaware limited liability company with its principal place of business in Minneapolis, Minnesota, and may be properly served by personal service of process upon its registered agent, National Registered Agents, Inc., 289 S. Culver Street, Lawrenceville, Georgia 30046.

## STATEMENT OF FACTS

7.

On April 2, 2012, Plaintiff began work at the Covington location of General Mills.

8.

Plaintiff was the Zero Loss Coordinator / Facilitator at the time the company decided to create dozens of TTL positions in 2020. The position Plaintiff was in at the time was essentially a TTL position. Nonetheless, Plaintiff was not selected for a TTL position, told that he did not interview well, and was demoted to manufacturing technician.

9.

Plaintiff was finally promoted to TTL in August 2023.

10.

The company has different and higher expectations of Black employees than white employees.

11.

General Mills reprimands and terminates Black employees for things that white employees are not punished for.  One example is that there is no written policy about employees dating.  White employees dating is not a problem; Black employees dating is frowned upon and used against them.

12.

White employees sabotage Black employees and blame them for things that were not their fault or even their responsibility.

13.

Several months ago, Plaintiff was questioned about a missing audit puck that Samuel Mayhan had also been questioned about.  Plaintiff showed Will Coady that the puck was sitting out in obvious sight.  Shortly after that, Mayhan was terminated.

14.

Plaintiff does not have the same opportunity to advance at General Mills as white employees.

## COUNT ONE

Title VII:  Disparate Treatment/Discrimination

15.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

16.

Plaintiff is a member of a class protected by Title VII.

17.

Defendant is a covered employer under Title VII.

18.

Plaintiff was qualified for the job that he was performing and met all the criteria for a promotion at the time he was denied the same.

19.

Plaintiff suffered adverse employment actions despite being qualified for his position.

20.

Plaintiff was treated less favorably than similarly situated employees outside of his protected class.

21.

Plaintiff's race was a motivating factor for the adverse employment actions taken against him.

22.

Plaintiff asserts a disparate treatment claim pursuant to Title VII.

23.

Plaintiff is entitled to Title VII damages pursuant to, among other statutes, 42 U.S.C. § 2000e-5.

## COUNT TWO

Title VII:  Hostile Work Environment

24.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

25.

Plaintiff was discriminated against, harassed based, and denied the same advancement opportunities as white employees as a result of his race by General Mills' supervisors and coworkers.

26.

The discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

27.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discrimination and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

28.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

29.

Plaintiff asserts a hostile work environment claim pursuant to Title VII.

## COUNT THREE

42 U.S.C. § 1981:  Race Discrimination

30.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

31.

Pursuant to the Civil Rights Act of 1866 –

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).  This provision applies to nongovernmental discrimination.  *Id.* at § 1981(c).

32.

General Mills has knowingly allowed white supervisors and decision makers who are members of a fraternal white supremacist organization, "the

8

Good Ole Boys," to operate the Covington facility in a manner that systematically deprives Black employees the equal benefits of employment enjoyed by white employees on the basis of race and the color of their skin.

33.

The Good Ole Boys' actions and omissions that amount to the systematic deprivation of the full rights of employment to Black employees have created a racially hostile work environment that have altered the terms, conditions, or privileges of employment because of race.

34.

Due to the discriminatory practices of Defendant, Black employees' attempts to advance in the company are futile if they in any way oppose racially discriminatory acts or omissions by management or HR at the Covington facility.

35.

Plaintiff asserts a disparate treatment claim pursuant to 42 U.S.C. § 1981.

36.

The actions by General Mills described in this Count amount to an ongoing and continuous violation of the Civil Rights Act of 1866, 42 U.S.C. § 1981.

37.

Plaintiff is entitled to an award of damages against Defendant in an amount equal to all monetary and non-monetary losses he suffered.

## COUNT FOUR

42 U.S.C. § 1981:  Hostile Work Environment

38.

Plaintiff repeats and realleges each and every allegation above as it set forth herein in full.

39.

Plaintiff was discriminated against, harassed, and denied the same advancement opportunities as those provided to white employees based on his race by General Mills' supervisors and coworkers.

40.

Supervisors' discriminatory statements, threats, and conduct were unwelcome, sufficiently severe or pervasive, detrimentally affected Plaintiff, were viewed as subjectively hostile and abusive by Plaintiff, and would be viewed as objectively hostile and abusive to a reasonable person.

41.

Plaintiff complained about this discrimination and harassment, and General Mills had actual or constructive knowledge of the ongoing discriminations and/or the harassing conduct was undertaken by and/or condoned by General Mills employees in management roles.

42.

Defendant failed to take prompt and appropriate remedial action to prevent or correct further discrimination and harassment of Plaintiff.

43.

Plaintiff asserts a hostile work environment claim pursuant to 42 U.S.C. § 1981.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and the following relief:

(a) Declaratory judgment that the systemic pattern and practice of racially hostile and discriminatory employment practices that, over 30 years, made advancement at the Covington facility futile and caused catastrophic harm to Plaintiff's career in violation of his Title VII rights;

(b) Temporary and permanent injunctive relief, along with this Court's oversight for a reasonable duration, disbanding the Good Ole Boys, holding racist decisionmakers accountable, and implementing lawful employment practices that give Black employees the full benefit of employment at General Mills;

(c) Full amount of financial losses caused to Plaintiff as a result of the racist and otherwise unlawful employment practices at the Covington facility;

(d) Compensatory damages in an amount to be determined by the enlightened conscience of the jury for Plaintiff's emotional distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, and special damages;

(e) Award of costs and expenses of this action, together with reasonable attorney and expert fees;

(f) Punitive damages in an amount to be determined by the enlightened conscience of the jury sufficient to punish Defendant for its conduct toward Plaintiff and deter Defendant from similar conduct in the future;

(g) Judgment against Defendant for damages incurred by Plaintiff;

(h)     Judgment against Defendant in an amount to fully and adequately compensate Plaintiff;

(i)     An award of pre-judgment and post-judgment interest;

(j)     A trial by jury on all issues triable to a jury; and

(k)     Other and further relief as the Court deems just and proper.

Respectfully submitted this 29th day of December 2024.

By:     /s/ Douglas H. Dean
Georgia Bar No. 130988
Attorney for Plaintiff
Dean Thaxton, LLC
601 E. 14th Avenue (31015)
Post Office Box 5005
Cordele, Georgia 31010
T: (229) 271-9323
F: (229) 271-9324
E: *doug@deanthaxton.law*

By:     /s/ Linda G. Carpenter
Georgia Bar No. 111285
Attorney for Plaintiff
The Brosnahan Law Firm
31 Lenox Pointe, NE
Atlanta, GA 30324
T: (404) 853-8964
F: (678) 904-6391
E: *lgc@brosnahan-law.com*